IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NANCY MURRAY, individually and as Independent Executor of the Estate of STEVEN MARK MURRAY, deceased, <br><br> and <br><br> GRETCHEN MURRAY, individually and in her capacity as Administratrix of the Estate of MARK MURRAY; HAYDEN MURRAY, minor child of deceased; ZANE MURRAY, minor child of deceased; SHELBY MURRAY, minor child of deceased; and SAMANTHA MURRAY, individually, <br><br>　　　　　Plaintiffs, <br><br>　　v. <br><br> CIRRUS DESIGN CORPORATION d/b/a CIRRUS AIRCRAFT, a corporation, <br><br>　　　　　Defendant. | Case Nos. 17-CV-7144, 17-CV-7148 <br><br> Judge Robert W. Gettleman |

**MEMORANDUM OPINION AND ORDER**

Nancy, Gretchen, and Samantha Murray (collectively, "plaintiffs") sued defendant Cirrus Design Corporation in the Circuit Court of Cook County, Illinois. Nancy is the plaintiff in case 17-CV-7144; Gretchen and Samantha are the plaintiffs in case 17-CV-7148. Plaintiffs allege that defendant improperly designed an airplane that crashed in Illinois, injuring Samantha Murray and killing Steven and Mark Murray. Defendant removed both cases to this court and now moves to dismiss for lack of personal jurisdiction. All plaintiffs oppose dismissal; plaintiffs Gretchen and Samantha Murray move in the alternative for transfer to Minnesota. For

the following reasons, defendant's motion to dismiss is granted and plaintiffs' motion to transfer is denied.

## BACKGROUND

Because defendant challenges personal jurisdiction and there has been no evidentiary hearing, disputed facts are resolved in plaintiffs' favor. Northern Grain Marketing., LLC v. Greving, 743 F.3d 487, 491 (7th Cir. 2014). Undisputed facts from defendant's affidavit are accepted as true. GCIU-Employer Retirement Fund v. Goldfarb Corp., 565 F.3d 1018, 1020 n. 1 (7th Cir. 2009).

## I. Defendant's business operations

Defendant is an airplane manufacturer. Although incorporated in Wisconsin, defendant designs, manufactures, and assembles planes only at its factory in Minnesota. That Minnesota factory (along with one in Tennessee) is also where defendant sells its planes.

Although defendant does not make or sell planes in Illinois, it sells plane parts from its Minnesota factory to Illinois entities. These sales are 0.05 percent of defendant's revenue. Also in Illinois, defendant employs salespeople, showcases its planes, certifies pilot instructors and training centers, and advertises with its Twitter account (@cirruschicago).

## II. The airplane crash

In Minnesota, defendant designed, manufactured, and assembled a four-seat, single-engine plane. Defendant sold this plane in 2001, in Minnesota, to an Illinois resident. Fourteen years later, the plane—now registered to several Texas co-owners—sat in Kewanee Municipal Airport, Illinois. It was a foggy, cloudy morning. The pilot was Steven Murray and the

2

passengers were Mark and Samantha Murray. All were residents of Texas, but they were bound for Arkansas. Steven had told Mark and Samantha that although the autopilot had stopped working a few days before, the lack of autopilot would only make the flight a little harder.

Three minutes after takeoff, the plane crashed 1½ miles west of the airport into a soybean field. An accident report by the National Transportation Safety Board later found that the plane's nose hit the ground at a 45-degree angle. Samantha was seriously injured. Steven and Mark died.

## **DISCUSSION**

Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(2), arguing that the court lacks personal jurisdiction. Plaintiffs oppose and move in the alternative for transfer to Minnesota under 28 U.S.C. § 1406(a) or 28 U.S.C. § 1631.

### I. Personal jurisdiction

Whether a forum's courts can bind defendants to their judgments depends on principles of due process. Those principles require that defendants "have certain minimum contacts with [the forum] such that . . . the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quotation marks omitted). When defendants have those minimum contacts, the forum's courts have personal jurisdiction. Id. (discussing "in personam" jurisdiction).

The exercise of personal jurisdiction by a federal court sitting in diversity turns on the law of the forum state. Kipp v. Ski Enterprise Corp., 783 F.3d 695, 697 (7th Cir. 2015). Illinois's long-arm statute allows personal jurisdiction on any basis allowed by the United States Constitution, so "there is no operative difference between [the] two constitutional limits."

Mobile Anesthesiologists Chicago, LLC v. Anesthesia Associates of Houston Metroplex, P.A., 623 F.3d 440, 443 (7th Cir. 2010) (citing 735 ILCS 5/2–209(c)). The question thus merges into "whether the exercise of personal jurisdiction would violate federal due process." Id.

Under federal due process principles, personal jurisdiction comes in two types: general and specific. Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 927 (2011). Plaintiffs have the burden to show personal jurisdiction, but because there has been no evidentiary hearing, plaintiffs' showing need only be prima facie. Northern Grain Marketing, 743 F.3d at 491–92.

### A. General jurisdiction

General jurisdiction subjects a defendant to any claim—"even if all the incidents underlying the claim occurred in a different [s]tate." Bristol-Myers Squibb Co. v. Superior Court of California, 137 S. Ct. 1773, 1780 (2017). Corporations are subject to general jurisdiction in places "fairly regarded as [their] home." Goodyear, 564 U.S. at 924. This usually includes the corporation's "place of incorporation and principal place of business . . . ." Daimler AG v. Bauman, 571 U.S. 117, 137 (2014). Other than those places, corporations may also be subject to general jurisdiction in forums where their affiliations are so "continuous and systematic as to render them essentially at home . . . ." Goodyear, 564 U.S. at 919 (quotation marks omitted).

Illinois is neither defendant's place of incorporation (Wisconsin) nor its principal place of business (Minnesota). Nor do plaintiffs argue that defendant's affiliations with Illinois render it essentially at home.

Plaintiffs Gretchen and Samantha Murray allege that defendant is owned by the Chinese government and was before that owned by a company in the Middle East. That, plaintiffs suggest, means that defendant is not truly at home in Wisconsin or Minnesota. Still, whatever affiliations defendant may have with China or the Middle East, those affiliations do not place defendant at home in Illinois. Consequently, defendant is not subject to general jurisdiction in Illinois.

B. **Specific jurisdiction**

Compared to general jurisdiction, specific jurisdiction is "very different"—it requires that "the *suit* . . . aris[e] out of or relat[e] to the defendant's contacts with the *forum*." Bristol-Myers Squibb, 137 S. Ct. at 1780 (emphasis in original and quotation marks omitted). The contacts must be created by the defendant, not by "the plaintiff or third parties . . . ." Walden v. Fiore, 571 U.S. 277, 284 (2014). What matters is "the relationship among the defendant, the forum, and the litigation." Id. (citations and quotation marks omitted).

Plaintiffs claim that the plane was defective and unreasonably dangerous when it left defendant's hands in Minnesota. They claim that: various engine parts were made with poor material and could not withstand stresses, the engine's fuel system did not operate correctly, engine parts failed from faulty workmanship, the manuals failed to give proper instructions for maintaining the engine, and no warnings were given for any of these defects. Yet none of those claims relates to defendant's contacts with Illinois. If defendant designed, manufactured, assembled, and sold a plane with a bad engine, it did so in Minnesota. This conduct does not "relat[e] to" defendant's contacts with Illinois. Bristol-Myers Squibb, 137 S. Ct. at 1780 (quotation marks omitted). Nor is it enough that defendant sold a plane to an Illinois resident;

the personal jurisdiction inquiry "looks to the defendant's contacts with the forum [s]tate itself, not the defendant's contacts with persons who reside there." Walden, 571 U.S. at 285.

Plaintiffs respond with three arguments. First, they argue that defendant conducts many business activities in Illinois and reaps the benefits of Illinois law. Defendant, plaintiffs argue: advertises in Illinois; showcases products in Illinois; has facilities in Illinois; employs salespeople in Illinois; and derives many other benefits by targeting the market in Illinois. Even so, none of those activities relates to plaintiffs' claims of defective design. That dooms plaintiffs' theory: "[f]or specific jurisdiction, a defendant's general connections with the forum are not enough." Bristol-Myers Squibb, 137 S. Ct. at 1781. Exercising specific jurisdiction based on defendant's unrelated business activities would "resemble[] a loose and spurious form of general jurisdiction"—an approach with "no support" in the case law. Id.

Second, plaintiffs argue that Illinois's long-arm statute creates jurisdiction because defendant committed a tort in Illinois when the plane crashed in Illinois. The question, however, is not where plaintiffs were harmed, but where defendant's "suit-related conduct" took place. Walden, 571 U.S. at 284. Defendant's suit-related conduct took place not in Illinois, but in Minnesota. Even if defendant did commit a tort in Illinois, Illinois does "not consider [its] long-arm statute separately from federal due process concerns"—and if anything, "due process protection under the Illinois long-arm statute may be greater than federal due process protections." Russell v. SNFA, 987 N.E.2d 778, 785–86 (Ill. 2013). Thus, an exercise of jurisdiction that violates federal due process likely also violates Illinois due process. And even if all that were not so, exercising jurisdiction must be independently consistent with due process

under the United States Constitution. See, e.g., Bristol-Myers Squibb, 137 S. Ct. at 1779 (citing cases).

Third, plaintiffs argue that defendant should have expected that it would be haled into Illinois court. But "[i]f foreseeability were the criterion, a local California tire retailer could be forced to defend in Pennsylvania when a blowout occurs there . . . [and] a Wisconsin seller of a defective automobile jack could be haled before a distant court for damage caused in New Jersey . . . ." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 296 (1980) (cited in Walden, 571 U.S. at 284–85). Relying on foreseeability "impermissibly allows a plaintiff's contacts with the defendant and forum to drive the jurisdictional analysis." Walden, 571 U.S. at 289. Although defendant may well have foreseen that its planes could crash in Illinois, "none of [defendant's] challenged conduct had anything to do with [Illinois] itself." Id. Consequently, defendant is not subject to specific jurisdiction in Illinois.

## II.     Transfer

Plaintiffs Gretchen and Samantha Murray argue that if defendant is not subject to personal jurisdiction in Illinois, the court should transfer the case to Minnesota under 28 U.S.C. § 1406(a) or 28 U.S.C. § 1631. The legal standard is the same under either statute: the court must transfer "if it is in the interest of justice . . . ." § 1406(a); § 1631.

Section 1631, however, which serves to cure "want of jurisdiction," might not apply to *personal* jurisdiction—at least, the Seventh Circuit has not so held. See Carpenter-Lenski v. Ramsey, 210 F.3d 374 (7th Cir. 2000) (describing circuit split concerning whether § 1631 authorizes transfer to cure defects in subject matter jurisdiction only). The court therefore considers transfer under only § 1406(a). See Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466

(1962) (holding that "[t]he language of § 1406(a) is amply broad enough to authorize the transfer of cases" when "the court in which it was filed [did not have] personal jurisdiction . . . .").

In addition to the instant suit (17-CV-7148), plaintiffs Gretchen and Samantha Murray have sued defendant, along with other entities, in Texas. Simultaneous litigation in Texas state court and Minnesota federal court would not be in the interest of justice for many reasons:

- plaintiffs chose to sue in Texas;
- plaintiffs do not allege federal claims;
- plaintiffs do not argue that they cannot vindicate their claims under Texas law;
- defendant has consented to suit in Texas;[1]
- Texas has assumed jurisdiction; and
- litigating parallel suits would waste time and money.

Cf. Colorado River Water Conservation District v. United States, 424 U.S. 800, 817 (1976) (holding that federal courts may abstain from exercising jurisdiction when the federal litigation would wastefully duplicate ongoing state court litigation); Clark v. Lacy, 376 F.3d 682, 685 (7th Cir. 2004) (citing Colorado River and listing factors that encourage federal court abstention, including the state court's assumption of jurisdiction, the inconvenience of the federal forum, the desire to avoid piecemeal litigation, the adequacy of state law to protect the plaintiff's rights, and the relative progress of the suits). Given that the same plaintiffs requesting transfer in this court have sued defendant in Texas—and defendant has consented to personal jurisdiction in Texas—transfer to Minnesota would not be in the interest of justice.

---

[1] Plaintiffs Gretchen and Samantha Murray assert that defendant objected to the Texas court's exercise of personal jurisdiction, but defendant's answer in that court contains no such objection.

## **CONCLUSION**

Defendant's motion to dismiss for lack of personal jurisdiction is granted and both suits are dismissed without prejudice. Plaintiffs Gretchen and Samantha Murray's motion to transfer is denied.

**ENTER:** **September 20, 2018**

_____
**Robert W. Gettleman
United States District Judge**